Filed 5/28/26  P. v. Zaragosa CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JESUS ZARAGOSA JR.,<br><br>     Defendant and Appellant. | D084814<br><br><br><br>(Super. Ct. No. 24AD-000285) |

APPEAL from an order of the Superior Court of San Bernardino County, David S. Cohn, Judge.  Remanded with directions.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Thomas S. Patterson, Assistant Attorney General, R. Matthew Wise and Kevin L. Quade, Deputy Attorneys General, for Plaintiff and Respondent.

Jesus Zaragosa Jr. appeals the denial of his application for a concealed carry weapon license.  Statutory changes since Zaragosa first applied mean that, even if Zaragosa might have once been entitled to obtain a concealed carry license, he may not possess one if he is a "disqualified person" under

Penal Code section 26202.  (Pen. Code, § 26195(b).)  Although the trial court found Zaragosa disqualified, the underlying record is years old and may not comply with current statutorily required investigation standards.  (See § 26202(b).)  We therefore remand to the trial court with directions to remand the matter to the licensing authority to investigate whether Zaragosa is a disqualified person ineligible to hold a concealed carry license under sections 26195(b) and 26202.

## I.

## A.

In 2023, the law provided that the licensing authority "may issue" a concealed carry license upon proof that the applicant "is of good moral character," among other requirements.  (Former § 26150, subd. (a)(1), amended by Stats. 2023, ch. 249, § 10.)

Zaragosa applied for a license to carry a concealed weapon in 2023.

In his application, Zaragosa answered various background questions. He indicated he drinks alcoholic beverages "[r]arely and [in] small amount[s]," citing "low tolerance."  Zaragosa disclosed that he "was given" antidepressants to treat his depression.  As a minor, Zaragosa was arrested on a drug-related charge that was later dismissed.  According to Zaragosa, the only time he has used physical force against anyone was to defend himself during a school fight when he was 17 years old.

On matters of domestic violence, restraining orders, and losing his temper, Zaragosa explained that he was the subject of a six-month restraining order in 2011 because of "claims" he threatened the protected person's life.  Zaragosa's daughter later accused that same person of rape, which prompted the person to seek another restraining order against Zaragosa in 2022 because "he feels that [Zaragosa] might hurt him."  In 2022,

2

Zaragosa obtained a three-year civil harassment restraining order protecting him and his children from this same person.

Zaragosa underwent a psychological evaluation as part of his application. Under "Interview Impressions," the evaluator indicated "No Concerns," yet he identified "Mental health concerns" elsewhere. According to the evaluation summary, Zaragosa responded to an assessment "in a guarded, defensive manner, possibly invalid[at]ing the protocol results." As a result, "the test results were inconclusive for the presence or absence of mental illness." Zaragosa reported being treated for depression and anxiety in 2021. He told the evaluator that he took medication to treat those symptoms for one month before discontinuing use.

An investigator determined Zaragosa lacked good moral character and should not be issued a license based on his "psychological evaluation, where he presented as guarded and defensive along with him consuming alcoholic beverages potentially mixed with psych meds."

The licensing agency denied Zaragosa's application after finding he lacked good moral character. The sheriff denied Zaragosa's appeal.

B.

Effective in 2024, the law on concealed carry licenses changed significantly. Under the amended law, a licensing authority "shall" issue a concealed carry license upon proof that, among other things, the applicant "is not a disqualified person" under the standards set in section 26202. (§ 26150(a)(1), added by Stats. 2023, ch. 249, § 10.) Relevant here, a "disqualified person" is someone who (1) "[i]s reasonably likely to be a danger to self, others, or the community at large, as demonstrated by anything in the application for a license or through the investigation described in subdivision (b), or as shown by the results of any psychological assessment";

3

or (2) has been subject to a restraining order within five years of the application's completion, with some caveats. (§ 26202(a)(1)-(3).) Those disqualifying prohibitions "shall apply whether or not the relevant conduct, order, conviction, charge, commitment, or other relevant action took place or was issued or entered before" the subdivisions effective date. (§ 26202(e).)

When an applicant challenges a disqualified person determination in court, the People bear the burden to show the applicant is disqualified by a preponderance of the evidence. (§ 26206(e).)

Zaragosa challenged his license denial in the trial court in 2024. At a closed hearing, the trial court expressed concern about the restraining order and the psychological evaluation. Zaragosa explained that, after he obtained the restraining order against the person who allegedly sexually assaulted his daughter, that individual obtained a temporary restraining order and sought a restraining order against Zaragosa "out of retaliation." The TRO, however, did not result in a permanent restraining order because the court dismissed it without prejudice after the individual failed to appear at the hearing. When Zaragosa, then age 43, mentioned his drug-related arrest was at age 17, the court said it was "going to disregard that all together" because Zaragosa was a "juvenile at the time" and it "sounds like it didn't result in a conviction."

The trial court denied Zaragosa's challenge after finding the People had shown by a preponderance of the evidence that he is disqualified from obtaining a license. Specifically, based on "[t]he existence of the [temporary] restraining order within the prescribed period, history of drug use, the use of psychiatric medications, [and] violence in the past," the court found "there's a risk of danger to others and the community."

4

II.

A.

We initially denied Zaragosa's application to unseal the record. We later notified the parties we were considering unsealing the appellate record on our own motion and gave them an opportunity to oppose. (Cal. Rules of Court, rule 8.46(f).) Neither party opposed.

"[W]ithout a clear enumeration of *specific facts* alleged to be worthy of the extraordinary measure of maintaining our records under seal, there is simply no basis to conclude that unsealing the records will actually infringe any interest of plaintiff's or inflict any harm on" the plaintiff. (*H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 898.)

After further review, we unseal the record in this matter. The trial court conducted the hearing in camera based on the People's belief the information to be discussed "would qualify as confidential," and it placed the exhibits submitted during the hearing under seal based on Zaragosa's right to privacy related to his medical information and section 26206(d)(1). But a court should not conduct this hearing in camera unless it is established that "confidential information is likely to be discussed during the hearing that would cause harm to the person, . . . unless the court finds that the public interest would be better served by conducting the hearing in public." (§ 26206(d)(1).) We have no evidence of how any of the sealed information would harm Zaragosa, particularly given his earlier request to unseal it. And section 26206(d)(1) requires only that an applicant's criminal history report be filed under seal. Here, however, the checks on Zaragosa's criminal history yielded no results. Because the record lacks specific grounds justifying maintaining the record under seal, we unseal it. We retain as confidential,

5

however, the psychological evaluation and list of medication on pages 85 through 90 of the augmented clerk's transcript.

B.

We agree with the parties that the court's order is appealable. (*Knoll v. Davidson* (1974) 12 Cal.3d 335, 343 [appeals from special proceeding permitted unless statutorily prohibited].)

C.

Zaragosa argues the court erred and he should be issued a concealed carry license. He seeks review under the 2023 version of the law, which he contends is unconstitutional based on the former "good moral character" requirement. But as the People note, regardless of whether Zaragosa might have originally been entitled to a license, any such license "shall be revoked" if, as the trial court found here, Zaragosa has become a "disqualified person" under section 26202. (§ 26195(b).) Under the circumstances here, we conclude the best course of action is to remand with directions for the trial court to remand the matter to the licensing authority to investigate whether Zaragosa is a "disqualified person" ineligible to hold a concealed carry license under sections 26195(b) and 26202.

Zaragosa does not challenge the constitutionality of section 26195(b). Zaragosa claims more broadly that applying the 2024 version of the law would violate his due process rights because it (1) purportedly contained contradictory provisions and (2) automatically disqualified persons from obtaining a license if, as in his case, a TRO had been issued against them within a certain timeframe. Yet subsequent amendments to the law on concealed carry licenses have eliminated those purported issues. Effective in 2026, section 26205 deletes the former language directing the licensing authority to "apply the statutory requirements in effect as of the date the

6

licensing authority received the completed application" that Zaragosa claimed contradicted another provision. (Former § 26205(b), as amended by Stats. 2025, ch. 570, § 9.) And now, an expired, vacated, or canceled temporary restraining order issued without notice and a hearing does not automatically disqualify a person from obtaining a license. (§ 26202(a)(3).)

Thus, the relevant question is whether Zaragosa is a disqualified person under section 26202 such that, regardless of whether he might have previously been entitled to one, he may not possess a concealed carry license. (§ 26195(b).) The trial court found Zaragosa disqualified on two grounds. First, because of the TRO, which under the 2024 version of the law was automatically disqualifying but under the current 2026 version is not. (§ 26202(a)(3).) Second, the court found Zaragosa presented "a risk of danger to others and the community" based on "the existence of the [temporary] restraining order within the prescribed period, history of drug use, the use of psychiatric medications, [and] violence in the past."

Although the court made a danger finding under section 26202(a)(1), Zaragosa rightly points out that the licensing authority's investigation "never analyzed the circumstances and facts of Zaragosa's application under that standard." In addition, it seems unlikely the original investigation satisfied current standards. When assessing if an applicant is a disqualified person, the licensing authority "shall conduct an investigation" that meets certain minimum requirements, including an in-person interview of the applicant and interviews with "at least three character references." (§ 26202(b).) Because the record from which the trial court made its finding was compiled well over two years ago based on the 2023 version of the law and without necessarily satisfying the current statutorily required investigatory standards, we remand to the trial court with directions to remand to the

7

licensing authority to conduct a new investigation to determine if Zaragosa is a disqualified person under sections 26195(b) and 26202.

## III.

We remand to the trial court with directions to remand the matter to the licensing authority to investigate whether Zaragosa is a "disqualified person" ineligible to hold a concealed carry license under sections 26195(b) and 26202.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


RUBIN, J.